IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PAUL MITCHELL. JR.                   :
                                     :
v.                                   :   Civil No. WMN-04-1584
                                     :
BRUCE F. TUXILL, <u>et al.</u>            :
                                     :
                                     :
                                     :

MEMORANDUM

Before the Court is the motion of Defendants, Bruce F.

Tuxill and Donald L. Keldsen, to dismiss the amended complaint,

or in the alternative, for summary judgment.  Paper No. 32.

Plaintiff, Paul Mitchell, Jr., has opposed the motion and

Defendants have replied.  Upon a review of the pleadings and

applicable case law, the Court determines that no hearing is

necessary (Local Rule 105.6) and that Defendants' motion will be

granted.

I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed an amended complaint in this Court on May

18, 2005, alleging that Defendants wrongfully discharged

Plaintiff.[1]  Plaintiff began working for the Maryland State

---

[1] The original complaint was filed on May 19, 2004, against
the Maryland State Military Department (MSMD), Donald L. Keldsen,
and Bruce F. Tuxill.  In ruling on a Motion to Dismiss filed by
these defendants, this Court, on December 15, 2004, issued an
order allowing Plaintiff to amend the complaint to clarify
whether Keldsen and Tuxill were being sued in their individual or
official capacities and to conform the fraud count to the
heightened pleading requirements of Rule 9 and <u>Dunbar Corp. v.</u>

Military Department (MSMD) as a Program Manager II in the

Maryland Emergency Management Agency (MEMA) on April 16, 2003,

and was terminated on February 17, 2004.  Defendant, Bruce F.

Tuxill, is the Adjutant General of MSMD and was the appointing

authority for MEMA.  Defendant Keldsen, then Acting Director of

MEMA, recommended that Tuxill hire Plaintiff.  Keldsen knew at

the time of the hiring that Plaintiff was African American.

Keldsen was replaced as Acting Director on January 5, 2004.

    After obtaining a right to sue letter from the EEOC,

Plaintiff filed suit in this Court on May 19, 2004, alleging the

following: 1) "Violation of 42 U.S.C. Section 1981(a)" (Count I);

2) "Breach of Contract" (Count II); 3) "Fraud and

Misrepresentation" (Count III); and 4) "Disparate Treatment"

(Count IV).  More specifically, Plaintiff seems to argue that he

---

Lindsey, 905 F.2d 754, 764 (4th Cir. 1990).  Plaintiff requested
an extension of time to file an amended complaint, which the
Court granted.  On July 31, 2005, Plaintiff's counsel attempted
to file an amended complaint but it was returned by the Clerk's
office for failure to comply with Local Rule 103(6)(c).  The Rule
requires that a party "filing an amended pleading shall file and
serve (1) a clean copy of the amended pleading and (2) a copy of
the amended pleading in which stricken material has been lined
through or enclosed in brackets and new material has been
underlined or set forth in bold-faced type."  Plaintiff refiled
an amended complaint on February 9, 2005.  Defendants filed a
motion to dismiss in which they argued that the Amended Complaint
still did not comply with Local Rule 103(6)(c) and that
inconsistences between the clean copy and the marked-up copy of
the Amended Complaint rendered it unreasonable to require
Defendants to file a response.  The Court gave Plaintiff's
counsel until May 18, 2005, to file a fully conforming amended
pleading.  In the May 18, 2005, Amended Complaint, Plaintiff
makes claims against Tuxill and Keldsen in their personal
capacities only, and does not bring any claims against MSMD.

was discriminated against when the terms of his employment were
allegedly changed from a permanent position to an at-will
position.  In addition, Plaintiff claims that he was
discriminated against when, upon the reorganization of the
Department and the subsequent elimination of his position, he was
not transferred to a new employment position, while other
employees did receive new positions.  Plaintiff seeks monetary
damages.[2]  Defendants move to dismiss the Amended Complaint or,
in the alternative, for summary judgment as to all counts.

## II. STANDARD OF LAW

A court considers only the pleadings when deciding a motion
to dismiss.  If matters outside the pleadings are presented and
not excluded, the motion must be considered under the summary
judgment standard of Fed. R. Civ. P. 56.  See Villeda v. Prince
George's County, MD., et al., 219 F. Supp. 2d 696, 698 (D. Md.
2002).  At least as to some of Plaintiff's claims, the parties
have submitted matters outside the pleadings and the Court has
considered these matters.  As to those claims, Defendants' motion
shall be considered a motion for summary judgment and decided

---

[2] In the section of the Complaint where Plaintiff lists the
parties against whom he is bringing his claims, he states that
Defendants are being sued in their personal capacity for money
damages.  In the relief section of the Complaint Plaintiff prays
for monetary damages plus injunctive relief, directing Defendants
to comply with the mandates of the employment contract.  Because
MSMD is no longer a party to this suit, the Court assumes that
Plaintiff failed to delete the prayer for injunctive relief from
his amended complaint.

accordingly.

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  For purposes of summary judgment, a dispute about a fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material if, when applied to the substantive law, it affects the outcome of litigation.  Id.

A party seeking summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying the portions of the opposing party's cause of action which it believes demonstrates the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the movant demonstrates there is no genuine issue of material fact and that it is entitled to summary judgment as a matter of law, the non-moving party must, in order to withstand the motion for summary judgment, produce sufficient evidence which demonstrates that a triable issue of fact exists for trial. Id. at 324.  The non-moving party is entitled to have "all reasonable inferences . . . drawn in its respective favor." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1129 (4th Cir. 1987).

## III. DISCUSSION

### A.   Service on Defendant Tuxill

In order for the court to have personal jurisdiction over a defendant, service must be made in accordance with Rule 4(d) of the Federal Rules of Civil Procedure.  If there is a change in the status of a defendant, such as a change in the capacity in which the defendant is sued, new service is required to satisfy the due process requirements of notice.  See Love v. Hayden, 757 F. Supp. 1209, 1211 (D. Kan. 1991).  Defendant Tuxill was never served in his personal capacity.  The Amended Complaint is brought against Tuxill only in his personal capacity.  The return of service for Tuxill states that service of the initial complaint was made on a "Beverly L. Kuchera" at the Fifth Regiment Armory.  No subsequent service on Tuxill was made and Plaintiff offers no reason why the initial service to Kuchera should be valid as to Tuxill.  Due to the lack of service, the Amended Complaint against Defendant Tuxill will be dismissed.[3]

### B.   Count IV - Disparate Treatment

Count IV of Plaintiff's Amended Complaint is entitled "Disparate Treatment," but Plaintiff fails to identify the source of law under which this count is brought.  In this Court's December 15, 2004, opinion, which granted Plaintiff leave to

---

[3] While Tuxill will be dismissed for lack of service, the subsequent arguments discussing the merits of the claims against Keldsen would apply equally to Tuxill.

amend his complaint, this Court assumed the disparate treatment
claim was brought under Title VII.  Plaintiff did not correct
this assumption and in his amended complaint still failed to
clarify under what source of law the disparate treatment count
was brought.  Like the Court, Defendants assumed it was brought
under Title VII and argue in their instant motion that, under the
holding in <u>Lissau v. Southern Food Service, Inc.</u>, individual
employees are not subject to liability under Title VII.  159 F.3d
177, 180-81 (4th Cir. 1998).  Because Plaintiff is only suing
Defendants in their personal capacity, Count IV of the Amended
Complaint should be dismissed for failing to state a claim upon
which relief can be granted.  Defs.' Mem. 7.  Plaintiff bolstered
Defendants' assumption that Count IV is brought under Title VII
by referring to both Title VII and the Civil Rights Act of 1991
in the portion of his Opposition discussing Count IV.  Pl.'s
Opp'n 10.  It was not until the Surreply that Plaintiff argued
that the disparate treatment count was brought under 42 U.S.C. §
1981, and that this count "merges" under his § 1981 count set
forth as the first cause of action in the Amended Complaint.

First, assuming that the disparate treatment claim is
brought under Title VII, the count must be dismissed because
individual employees are not subject to liability under Title
VII.  <u>Lissau</u>, 159 F.3d at 180-81.  Second, even though individual
employees may be liable for disparate treatment claims brought

under 42 U.S.C. § 1981, in this case, the allegations set forth under the disparate treatment count do not constitute a claim separate from the Plaintiff's first cause of action which is entitled "Violation of 42 U.S.C. § 1981(a)."  Further, in the Surreply Plaintiff concedes that the disparate treatment count "merges under his 1981 claim to demonstrate intentional discrimination by the Defendants."  Pl.'s Surreply 1.  Thus, the Court will treat the first and fourth causes of action as one cause of action for the violation of § 1981, which is discussed below.

   C.  Violation of § 1981

   The prima facie case of discrimination under 42 U.S.C. § 1981[4] requires 1) that Plaintiff is a member of the protected class, 2) that Plaintiff's job performance was satisfactory, 3) that, in spite of Plaintiff's performance, he was fired, and that 4) the position remained open to similarly qualified applicants after Plaintiff's dismissal.  Williams v. Cerberonics, Inc., 871 F.2d 452, 456 (4th Cir. 1989).  Under Bass v. E.I. DuPont de Nemours & Co., a plaintiff is required to allege facts "sufficient to state all of the elements of her claim."  324 F.3d 761, 766 (4th Cir. 2003).  Plaintiff asserts that he is a member

---

   [4] The elements of a prima facie case for discrimination under 42 U.S.C. § 1981 are the same for claims under Title VII. James v. Booz-Allen & Hamilton, Inc., 368 F.3d 371 n.1 (4th Cir. 2004).

of a protected class, and that he was dismissed and replaced by a less qualified white worker.  Complaint ¶¶ 5, 25.  The Plaintiff does not allege that his work was satisfactory.  As such, this Court concludes that the § 1981 claim could be dismissed under <u>Bass</u> as Plaintiff fails to allege facts that support a claim for relief.

Were the Court to look beyond the Amended Complaint to the affidavits and discovery responses in which Plaintiff does state that his work was satisfactory, Keldsen would still be entitled to summary judgment on Plaintiff's § 1981 claim.  Assuming that Plaintiff is a member of a protected class, that he performed his work satisfactorily, <u>see</u> Keldsen Dep. 26 (stating that Plaintiff was a satisfactory employee), and nonetheless he was fired, it is undisputed that Keldsen played no role in the decisions to terminate Plaintiff or hire new employees subsequent to Plaintiff's termination.  In addition, Plaintiff's position was eliminated and no person was employed to fill his position.[5]

Defendants argue that Plaintiff's position was not filled by a similarly qualified applicant outside the protected class,

---

[5] MSDA underwent a restructuring during which six at-will employees were terminated; five of the employees were white.  Tuxill Aff. ¶ 9.  Within MEMA itself two African American and four white at-will employees were retained following the agency's reorganization.  John Droneburg Aff. ¶ 14 (Droneburg replaced Keldsen in the Director position).  Plaintiff alleges that Warren Campbell, Donald Lumpkins, and Keldsen, all white employees, were treated more favorably then Plaintiff, Pl.'s Opp'n 10, but offers no explanation as to how Keldsen favored himself and the other employees over Plaintiff.

"[t]he Plaintiff's Program Manager II position (with a working
title of Director for Readiness) was reclassified to a Program
Manager IV position (with a working title of Deputy Director of
Technical Support)."  Defs.' Mem. 9.  The person hired to fill
the new position, Campbell, had 18 years of technical experience
and Plaintiff conceded in his deposition that Campbell was hired
as an "Information Technology Specialist" and had not been hired
to perform Plaintiff's job in "operations."  Mitchell Depo. 126.
Plaintiff does not refute the fact that his position no longer
existed, but rather asserts that "it does not matter that the
Program Manager Position was reclassified to a Program Manager IV
Position."  Pl.'s Opp'n 10-11.  It is Plaintiff's argument that a
dispute of fact exists because "Tuxill could not hire [the new
technology employee] because of the hiring freeze, so he had to
fire the Plaintiff in order to hire Campbell."  Id.  Because it
is undisputed that Plaintiff's position no longer existed and
that an employee was not hired to replace Plaintiff, summary
judgment is warranted.

     D.  Fraud and Misrepresentation

     Under Maryland Law, Keldsen, a State employee, is immune
from "liability in tort for a tortious act or omission that is
within the scope of the public duties of the State personnel and
is made without malice or gross negligence."  MD CODE ANN., CTS &
JUD. PROC. § 5-522(b).  There are no statements in Plaintiff's

9

Amended Complaint that allege malice or gross negligence.  The
only allegation made by Plaintiff that even hints at malicious or
grossly negligent conduct is an assertion in the Opposition that
"Tuxill fired Plaintiff without even discussing it with him.  The
Plaintiff was given one hour to clean out his desk and vacate the
premises."  Pl.'s Opp'n 12.  As discussed previously, all counts
against Tuxill are dismissed for lack of service,[6] and Plaintiff
fails to provide any facts to indicate how Keldsen, who was
removed from his Acting Director position on January 5, 2004,
more than a month before Plaintiff's February 17, 2004,
termination, acted maliciously or with gross negligence toward
Plaintiff.  Plaintiff himself admits that he was not aware of
Keldsen playing any role in the decision to terminate him.
Mitchell Dep. 107.  Thus, Keldsen enjoys statutory immunity from
Plaintiff's fraud count.[7]

    E.  Breach of Contract

    Plaintiff asserts that Defendants breached Plaintiff's

---

    [6] Even if the counts against Tuxill had not been dismissed,
Plaintiff fails to cite to the record to support this statement
and if verified these facts still do not rise to the level of
malicious conduct or gross negligence.

    [7] Plaintiff asserts that section 5-522 does not apply
because this is a discrimination case.  Pl.'s Opp'n 12.
Plaintiff does not provide any authority to support this
assertion and the Court has found no such authority.  In
addition, Keldsen's lack of involvement in the termination of
Plaintiff is undisputed.  If immunity did not apply, summary
judgment would still be proper for Plaintiff's count of fraud.

employment contract by changing the terms and conditions without consulting Plaintiff.  Am. Compl. ¶ 11.  Any employment contract into which Plaintiff entered would have been with the State of Maryland and not with Defendants.  Government employees cannot be personally liable for the contracts into which they enter on behalf of the government.  Hodgson v. Dexter, 5 U.S. 345 (1803).  Plaintiff offers no meaningful reason as to why the breach of contract count does not succumb to the above rule.  Plaintiff simply asserts that the Defendants advertised the position as a permanent state position, therefore, an employment contract was formed.  Pl.'s Opp'n 5.  Thus, the breach of contract count will be dismissed.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion to dismiss or, in the alternative, for summary judgment will be granted as to all counts.[8]  A separate order consistent with the reasoning of this Memorandum will follow.

/s/

William M. Nickerson
Senior United States District Judge

Dated: October 12, 2005

---

[8] Also pending is Plaintiff's Motion to Strike Evidence - Affidavits of John W. Droneburg and Debra H. Ports.  The Court does not have to decide the Motion, as all of the counts against both defendants will be dismissed and the Court did not consider any of the evidence at issue in the motion to strike in reaching that conclusion.